J-S42037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                      :          PENNSYLVANIA
                                                      :
                     v.                           :
                                                      :
                                                      :
GILBERTO  CORREA                   :
                                                      :
            Appellant                     :     No. 2230 EDA 2018

Appeal from the Judgment of Sentence Entered May 25, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0004661-2016

BEFORE:   OTT, J., KUNSELMAN, J., and COLINS*, J.

JUDGMENT ORDER BY COLINS, J.:                      **FILED AUGUST 29, 2019**

Appellant, Gilberto Correa, appeals from the judgment of sentence of
20 to 40 years of confinement, which was imposed after he pleaded guilty to
criminal attempt to commit murder and possessing instruments of crime.[1]
We affirm.

At Appellant's guilty plea hearing on January 16, 2018, the facts
underlying this appeal were set forth as follows:

> [O]n March 24, 2015, a little after midnight, [Appellant] in the
> area of 4700 Whitaker Street . . . in the city and county of
> Philadelphia with the specific intent to kill approached his ex-
> girlfriend Migdy Rivera . . . from behind, placed her against a car
> and demanded that she come back to him.  She had previously
> broken up with him several months prior.  When she refused, he
> then proceeded to stab her.  Specifically, [Appellant] with a knife
> placed it through her chin.  That knife blade went through her
> tongue to the top of her mouth.  He then sliced her on the left and

---

[1] 18 Pa.C.S. §§ 901(a) and 907(a), respectively.

*   Retired Senior Judge assigned to the Superior Court.

right side of her face, and then, as she's screaming for help, proceeds to – and [to] use her words -- cut her neck.  He doesn't slice her neck since, as she describes, the knife wasn't very sharp so he cuts her neck as if he's cutting chicken is how she described it.  He was cutting her neck very slowly. . . . [T]wo bystanders saw the assault and ran towards where [Appellant] and the victim were on the street, and [Appellant] ran away once these two bystanders approached.  The complainant was seen at Temple University Hospital and remained there for nine days.

N.T., 1/16/2018, at 11-12.

Following Appellant's sentencing on May 25, 2018, Appellant filed a motion for reconsideration of sentence on June 4, 2018, which was denied on June 26, 2018.  On July 24, 2018, Appellant filed this timely direct appeal.[2]

Appellant now challenges the discretionary aspects of his sentence.  **See** Appellant's Brief at 3, 9-13.

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right.  Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine:  (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

---

[2] On August 27, 2018, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) within 21 days of the date of the order.  Appellant filed his statement of errors complained of on appeal on October 9, 2018 – more than three weeks late. Nevertheless, the trial court did not find waiver, as there had been an error in the service of the order, and the trial entered its opinion on October 26, 2018. Trial Court Opinion, filed October 26, 2018, at 2 n.1.

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted), *reargument denied* (July 7, 2018). In the current case, Appellant filed a timely notice of appeal and preserved his issue in a post-sentence motion. However, Appellant's brief to this Court does not contain a separate section with a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); Appellant has thus waived his challenge to the discretionary aspects of his sentence. *See Manivannan*, 186 A.3d at 489.

Assuming Appellant had preserved this challenge, his claims that the trial court "failed to consider mitigating factors, . . . focused solely on the seriousness of the crime[,]" and "did not properly consider Appellant's acceptance of responsibility when arriving at the sentence" are belied by the record. Appellant's Brief at 10-11. At sentencing, the trial court stated:

> This [c]ourt's given consideration to the arguments of both counsel, the presentence report, the sentencing guidelines, the mental health evaluation report, [Appellant]'s allocution, [and] the testimony of witnesses . . . [Appellant] does get credit for accepting some responsibility. . . . This [c]ourt considers as a mitigating factor [Appellant]'s history of substance abuse from around 15 years old until when this occurred. . . . This [c]ourt also considers as a mitigator [Appellant]'s family support, and this [c]ourt takes to heart the pained words of his mother and other relatives. . . . This [c]ourt recognizes that [Appellant] is a human being as everyone else, and that at some point before this happened, he had a good reputation in some communities, being peaceful, honest, law-abiding, ethical, hard-working, and humble and all kinds of things[.]

N.T., 5/25/2018, at 46-49. In its opinion, the trial court added that "Appellant enjoyed the mitigating factors of a lack of a prior record, support from family

and community, and remorse[.]" Trial Court Opinion, filed October 26, 2018, at 9. Thus, contrary to Appellant's argument, the record demonstrates that, when sentencing Appellant, the trial court considered mitigating factors, including Appellant's acceptance of responsibility, and did not focus exclusively on the seriousness of the crime; the trial court therefore did not abuse its discretion when imposing Appellant's sentence.

Judgment of sentence affirmed.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/29/19